IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTONIO DEWAYNE HOOKS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-17-658-D |
| ) | |
| KAYODE ATOKI,[1] ) | |
| ) | |
| Defendant. ) | |

# **O R D E R**

This matter comes before the Court for review of the Sixth Supplemental Report and Recommendation [Doc. No. 184] issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Purcell recommends that Defendant Kayode Atoki's Motion for Summary Judgment [Doc. No. 147] be granted. Plaintiff has filed an Objection [Doc. No. 187] and has made other filings since Judge Purcell issued his Report. All timely filings will be considered. The Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject or modify, in whole or in part, the findings and recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

---

[1] Plaintiff is proceeding under the Amended Complaint filed May 7, 2018 [Doc. No. 86], which names multiple defendants. Magistrate Judge Purcell has previously amended the caption of the case to reflect the disposition of Plaintiff's claims against other defendants. Absent objection, the Court adopts the same caption.

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983 to recover damages for alleged constitutional violations that occurred during his pretrial detention at the Oklahoma County Detention Center or jail. Plaintiff's claim against Defendant Atoki is based on a physical attack of Plaintiff by other jail inmates on October 5, 2016. Plaintiff alleges Defendant Atoki failed to intervene in a timely manner to prevent Plaintiff from being seriously injured during the attack. Defendant Atoki seeks summary judgment on the ground that Plaintiff cannot establish his liability under § 1983 for injuries inflicted by another person. For reasons fully explained in the Report, Judge Purcell finds that Defendant Atoki is entitled to summary judgment in his favor.

## Undisputed Facts

Plaintiff does not disagree with Judge Purcell's statement of undisputed facts or summary of the record evidence. Briefly stated, Plaintiff was physically attacked during recreation time in a fourth floor unit of the jail that housed pretrial detainees, known as the Adam or A pod. Defendant Atoki was the fourth floor unit manager; he managed all fourth floor pods and had an office located outside of A pod. Plaintiff was attacked while standing in line to order commissary items at an electronic screen located in front of and below the pod office. Surveillance cameras recorded images of the attack, but the video recordings provide limited views of what happened.

Defendants have submitted copies of video clips from four different cameras located in A pod for a 10-minute period beginning at approximately 9:40 a.m., shortly before the attack began with a blow to Plaintiff's head, and ending after Plaintiff was removed from

the pod on a gurney. The attack itself spanned slightly less than a minute (9:42:04 to 9:42:46), but involved multiple inmates stomping with their feet on Plaintiff's head as he lay unconscious on the floor. An officer in the pod office can be seen observing the situation through the window about halfway through the attack (9:42:28 to 9:42:35), leaving the window for a few seconds (9:42:35 to 9:42:41), and then returning to witness an inmate deliver five more blows (9:42:41 to 9:42:46). The pod officer in the video (who appears Caucasian) was not Defendant Atoki (who is African-American). The role of the employee stationed in the pod office was limited to monitoring the pod from behind the window and summoning assistance; the individual was not allowed to enter the pod without backup, regardless whether he or she was a trained detention officer.

Defendant Atoki entered the camera view less than 20 seconds after the pod officer temporarily left the office window (presumably to request assistance); he was accompanied by two other officers. Defendant Atoki walked around the corner from where Plaintiff lay on the ground (9:42:54), started toward a flight of stairs, then appeared to see Plaintiff's body and approached him, appeared to radio for assistance, then went up the stairs, returned with an inmate in handcuffs, and exited the pod.[2] More officers entered the pod during this time period and attended to Plaintiff's injuries until he was removed. As Defendant Atoki entered the pod, he signaled the pod officer who was standing at the office window. A reasonable inference from the timing of Defendant Atoki's entry and his gesture is that Defendant Atoki was responding to the pod officer's request to address the situation.

---

[2] Plaintiff agrees that, in one video recording, Defendant Atoki "is seen calling for backup and medical" after he entered the pod. *See* Obj. at 2.

3

Defendant Atoki has stated by affidavit that he was not in the pod office when the attack occurred but responded to a radio call from the pod officer. *See* Atoki Aff. [Doc. No. 147-3]. Plaintiff has stated by affidavit that he saw an African American man in the pod office during recreation time and he believes Defendant Atoki was sitting at a computer in the pod office before the attack began. *See* Hooks Aff. [Doc. No. 162].

**Standard of Decision**

Plaintiff does not disagree with Judge Purcell's statement of Rule 56 standards (R&R at 3-5), but challenges Judge Purcell's application of Rule 56 procedures. Plaintiff asserts that Judge Purcell erred by issuing a premature ruling before discovery issues were resolved and in failing to exercise his discretion to deny summary judgment "[i]f a nonmovant shows . . . that, for specified reasons, it cannot present facts essential to justify its opposition." *See* Fed. R. Civ. P. 56(d).[3] Plaintiff contends Defendant Atoki has produced only video recordings that favor his position and he should be required to produce recordings from other surveillance cameras (such as "4A sally port and 4A hallways") that would show Defendant Atoki's location at the time of the attack. *See* Obj. at 4. Plaintiff seeks to prove, contrary to Defendant Atoki's testimony, that "Atoki surely was in 4A pod office, and not in his unit manager's office." *Id.*

In a separate filing, Plaintiff also objects to Judge Purcell's Order of February 20, 2019 [Doc. No. 182], denying Plaintiff's Motion for an Order Compelling Discovery [Doc. No. 172]. *See* Mot. Reconsider [Doc. No. 185]. By the Motion to Compel, Plaintiff

---

[3] Although Plaintiff cites Rule 56(f) (*see* Obj. at 1), the quoted provision of Rule 56 authorizes the denial of a motion where the nonmovant lacks access to material facts and evidence.

4

asked Judge Purcell to compel production of the "4A pod camera footage" at issue, namely, showing the interior of the pod office and views of the "4A pod sally port." *See* Mot. Order Compel Disc. [Doc. No. 172]. Judge Purcell denied the motion as moot because Defendant Atoki had previously responded to Plaintiff's discovery requests by stating that all relevant camera footage from Adam Pod had been produced. Specifically, Defendant Atoki's counsel had represented that "[a]ll of the available 'camera footage' has been produced by courtesy of the Oklahoma County Sheriff's Office" and there was no surveillance camera in the pod office, in the hallway, or monitoring the entrance to the pod office. *See* Def. Atoki's Resp. Pl.'s Mot. Compel, Ex. 1 [Doc. No. 174-1]. The Court will separately address the procedural and substantive issues raised by Plaintiff.

## Discussion

**A. Discovery and Procedural Issues**

The Court liberally construes Plaintiff's Motion for Reconsideration as a request for review of a nondispositive pretrial matter determined by the assigned magistrate judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). To obtain relief from such an order, the objecting party must show the order "is clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). This standard has not been met with respect to Judge Purcell's Order.

Plaintiff apparently believes that Judge Purcell did not understand why Plaintiff needed the documents sought by the Motion to Compel and that Defendant Atoki and his counsel were not being truthful about the availability of additional video recordings. Plaintiff asserts that Defendant Atoki's counsel "is misleading Plaintiff and the courts

about requested camera footage" because "Plaintiff is well aware of the Oklahoma County jail 4A pod operating cameras," including that the "4A sally port has 3 operating cameras" and "multiple operating cameras in 4th floor hallways lead to 4A pod from 4th floor unit manager office." *See* Mot. Reconsider.

Judge Purcell found Plaintiff's Motion to Compel to be moot because Defendant Atoki had already responded to the discovery requests at issue and the responses showed none of the additional video recordings sought by Plaintiff existed. Plaintiff appears to believe there must be other recordings that indicate Defendant Atoki's location before he entered the A pod, based solely on the number of cameras that exist in various locations on the fourth floor. But the existence of operational cameras does not necessarily mean there are additional video recordings that show Defendant Atoki or his location at the time of the attack. Further, despite Plaintiff's disagreement with Judge Purcell's ruling, Plaintiff has not shown he was denied relevant evidence. Plaintiff seeks evidence "to place Defendant Atoki in 4A pod office, not in his unit manager office in hallway like he claimed in his affidavit. Requested footage [would] surely prove Atoki . . . was in pod office while this assault . . . occurred." *See* Mot. Reconsider. For reasons discussed *infra*, the Court finds that the evidence sought by Plaintiff's Motion to Compel is not material to a determination of the merits of Plaintiff's § 1983 claim against Defendant Atoki.

Similarly, the Court finds no abuse of Judge Purcell's discretion to delay a ruling or deny summary judgment based on Defendant Atoki's failure to produce evidence that Plaintiff had requested. Setting aside Plaintiff's failure to present his position by an affidavit or declaration, as required by Rule 56(d), the Court finds that Plaintiff has not

6

shown he was prevented from presenting essential facts to justify his opposition to Defendant Atoki's motion.

**B.      § 1983 Liability for Failure to Protect Plaintiff**

To establish his § 1983 claim, Plaintiff must establish Defendant Atoki's personal participation in an alleged violation of Plaintiff's constitutional right, namely, the right of a pretrial detainee to be adequately protected from inmate violence.[4]  To establish this violation, "a plaintiff must satisfy two requirements, consisting of an objective and subjective component."  *See Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (citing *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998)).  Plaintiff must show conditions that, viewed objectively, pose "a substantial risk of serious harm" and, viewed subjectively, constitute "deliberate indifference" to inmate safety.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Howard v. Waide*, 534 F.3d 1227, 1236 (10th Cir. 2008); *Gonzales v. Martinez*, 403 F.3d 1179, 1186 (10th Cir. 2005); *Craig*, 164 F.3d at 495.  The court of appeals has explained this requirement as follows:

> [T]he jailer is liable only if he or she knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  It is not enough to establish that the official should have known of the risk of harm.

---

[4]    Judge Purcell assumes, and Plaintiff does not disagree, that the Eighth Amendment as applied to pretrial detainees by operation of the Due Process Clause of the Fourteenth Amendment provides the appropriate constitutional standard.  *See Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998); *see also Ledbetter v. City of Topeka*, 318 F.3d 1183, 1188 (10th Cir. 2003).

*Craig*, 164 F.3d at 495-96 (internal quotations omitted); *see Verdecia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003). A plaintiff may demonstrate a triable issue by presenting facts that "raise a reasonable inference that [the jailer] knew of and disregarded an excessive risk to [the inmate]." *Gonzales*, 403 F.3d at 1187; *see Lopez v. LeMaster*, 172 F.3d 756, 762 (10th Cir. 1999). Further, "the subjective component requires the prison official to disregard the risk of harm claimed by the prisoner." *Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir. 2009) (footnote omitted).

In this case, upon consideration of Plaintiff's Objection and the summary judgment record, the Court finds that Plaintiff has failed to present sufficient facts to support his constitutional claim against Defendant Atoki. Judge Purcell correctly finds that the objective component of Plaintiff's claim is satisfied by a showing that "Plaintiff faced a substantial risk of serious harm once the assault began." *See* R&R at 9-10. Plaintiff does not object to this finding; he does not contend there was any prior warning of a risk of attack by fellow inmates such that Defendant Atoki could have prevented the attack. Regarding the subjective component, the question presented is whether Defendant Atoki knew of the attack on Plaintiff but disregarded an excessive risk of harm by failing to take adequate steps to intervene. On this issue, the Court finds that Plaintiff has failed to present sufficient facts to support a reasonable inference that Defendant Atoki acted with deliberate indifference to Plaintiff's safety.[5]

---

[5] Plaintiff's argument that Defendant Atoki was present in the pod office and should have been monitoring the window or paying better attention amounts to a claim of negligence. Because negligence is insufficient as a matter of law to establish deliberate indifference, this argument is disregarded.

Liberally construing Plaintiff's arguments due to his *pro se* status, the Court understands Plaintiff's theory of Defendant Atoki's liability to be that he became aware of the attack on Plaintiff soon after it began and could have responded more quickly. Plaintiff does not articulate, however, how a quicker response by Defendant Atoki would have helped Plaintiff or prevented any of his injuries. Defendant Atoki entered the A pod approximately 50 seconds after the attack began – less than 30 seconds after an officer monitoring the pod from the office window first came to the window and saw the attack. The attack had ended before Defendant Atoki entered the pod.

Further, the video recordings establish that the monitoring windows in the A pod office were located above the pod floor and the attack occurred directly below the front window in a spot where the pod officer had to approach the window to be in a position to look down and see the attack.[6] Regardless whether Defendant Atoki was in the pod office, it is clear he never approached the window closely enough to see the attack of Plaintiff because he does not appear in any video recording of the office window. If he had somehow learned of the attack directly, Defendant Atoki still would have needed to call for assistance before entering the pod because it is undisputed that a detention officer could not respond to a disturbance without backup. Thus, Plaintiff has failed to support

---

[6] The Court cannot accept a version of the facts that is inconsistent with "clear contrary video evidence of the incident at issue." *See Thomas v. Durastanti*, 607 F.3d 655, (10th Cir. 2010) (citing *Scott v. Harris*, 550 U.S. 372, 378-80 (2007)); *see also Carabajal v. City of Cheyenne*, 847 F.3d 1203, 1207 (10th Cir.), *cert. denied*, 138 S. Ct. 211 (2017) (despite summary judgment requirement to draw reasonable inferences in nonmovant's favor, courts "cannot ignore clear, contrary video evidence in the record").

his § 1983 claim with facts showing that Defendant Atoki was deliberately indifferent to Plaintiff's safety by failing to act in a timely manner.

In summary, upon consideration of the facts shown by the summary judgment record, even when viewed in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to demonstrate a genuine dispute of material fact regarding the subjective element of his constitutional claim. Because the undisputed facts fail to raise a triable issue of whether Defendant Atoki knew of and disregarded an excessive risk to Plaintiff's safety, Defendant Atoki is entitled to summary judgment on Plaintiff's § 1983 claim of liability for inmate violence.

## Conclusion

For the reasons stated above, Defendant Atoki is entitled to a judgment as a matter of law on Plaintiff's § 1983 claim against him in the Amended Complaint.

IT IS THEREFORE ORDERED that the Sixth Supplemental Report and Recommendation [Doc. No. 184] is ADOPTED in its entirety, as set forth herein. Defendant Kayode Atoki's Motion for Summary Judgment [Doc. No. 147] is GRANTED. A separate judgment shall be entered accordingly.[7]

---

[7] All other defendants in the operative Amended Complaint (which supersedes all prior complaints) were dismissed upon initial screening by the previously assigned judge, the Honorable Vicki Miles-LaGrange, by Order of June 7, 2018 [Doc. No. 100]. Also, an official-capacity claim against Defendant Atoki was dismissed by Judge Miles-LaGrange's Order of July 16, 2018 [Doc. No. 111]. Consistent with those Orders, the judgment will reflect the dismissal without prejudice of Plaintiff's claims against all defendants except Defendant Atoki individually.

IT IS FURTHER ORDERED that all pending motions filed by Plaintiff [Doc. Nos. 181, 185, 190 and 192] are DENIED.[8]

IT IS SO ORDERED this 4th day of June, 2019.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[8] Specifically, as to Plaintiff's Motion for Appointment of Counsel [Doc. No. 190], the Court finds that counsel should not be requested pursuant to 28 U.S.C. § 1915(e)(1) under the circumstances. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (listing factors for consideration).